The Employment Law Firm
Cynthia L. Pollick, LLM                                                                                              Attorney for Plaintiff
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS W. DAVIES, | : | CIVIL ACTION – LAW |
| | : | |
| Plaintiff | : | JURY TRIAL DEMANDED |
| | : | |
| v. | : | |
| | : | |
| LACKAWANNA COUNTY, and | : | |
| SHERIFF DEPUTY SERGEANT | : | |
| JOHN ACCULTO, in his Individual | : | |
| Capacity | : | |
| | : | NO. |
| Defendants | : | |

## COMPLAINT

NOW comes the Plaintiff, THOMAS W. DAVIES, by his attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

## PARTIES

1. Plaintiff, THOMAS W. DAVIES, presently resides in Wyoming County.

2. Defendant, LACKAWANNA COUNTY, is a state agency with a principal office at 200 North Washington Avenue, Scranton Pennsylvania.

3. Defendant, SERGEANT JOHN ACCULTO, is a supervisor for Lackawanna County in the Sheriff's Department, and at all relevant times was a servant, agent, and employee of the LACKAWANNA COUNTY, and was acting under color of state law when he engaged in official policy, custom, and practice to deprive DAVIES of his constitutional rights.

4. Defendant, LACKAWANNA COUNTY SERGEANT JOHN ACCULTO, does not have jurisdiction in Wyoming County.

5. Defendant LACKAWANNA COUNTY engaged in official policy, custom, and practice when it failed to train officers on the proper procedures and policies surrounding the taking and seizing of a citizens' property without a warrant, outside their jurisdiction, and requiring citizens to undress in front of their neighbors when they have committed no crime.

**JURSIDICTION**

6. This suit is brought and jurisdiction lies based on a federal question. 28 U.S.C. § 1331. The injuries sustained are pursuant to 42 U.S.C. § 1983 for constitutional violations of DAVIES' rights pursuant to the Fourth and Fourteenth Amendments.

## FACTS

7. On or about May 15, 2015, Defendants appeared in Wyoming County and took Plaintiff's property, a firearm, from him without a warrant outside of the jurisdiction of Lackawanna County.

8. Defendants had no legal justification to seize Plaintiff's property in violation of his Fourth Amendment right to be secure in his person, house, papers, and effects.

9. Defendants did not have probable cause to seize Plaintiff's property or his person.

10. In addition to seizing Plaintiff's firearm, DEFENDANT ACCULTO made Plaintiff DAVIES strip out of his uniform while in front of his home and in view of his neighbors in violation of his right to be secure in his person and in violation of his right to privacy.

11. Defendants and their agents mocked Plaintiff DAVIES about his skinny, white legs while being in his underwear and T-shirt after being ordered to undress.

12. Thereafter, two of Plaintiff's neighbors contacted the Plaintiff's home inquiring about what had happened outside their residence.

# COUNT I
## UNLAWFUL SEIZURE AND SEARCH
## VIOLATION OF THE FOURTH AMENDMENT
## PLAINTIFF V. DEFENDANT LACKAWANNA COUNTY AND ACCULTO

13. Plaintiff, DAVIES, hereby incorporates by reference paragraphs one (1) through fourteen (14) above as if set forth herein at length.

14. As stated above, Plaintiff DAVIES' property, a firearm, was unlawfully searched and seized on May 15, 2015, when Defendant ACCULTO knew that he did not have probable cause to search, seize, arrest or take DAVIES' property.

15. Plaintiff DAVIES was not arrested on the day in question, but rather his property was seized without legal justification while Defendant ACCULTO was outside his jurisdiction acting as a Lackawanna County Sherriff's Deputy Sergeant.

16. Defendant ACCULTO actions constitute a seizure in violation of the Fourth Amendment to the United States Constitutions and deprived DAVIES of his Due Process rights found in the Fourteenth Amendment.

17. As a direct and proximate result of Defendant ACCULTO's intentional deprivation of Plaintiff's constitutional rights, Plaintiff was deprived of his property, suffered embarrassment, anxiety, anguish, mental distress, stress, sleeplessness and humiliation.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 law, including but not limited to the following, all equitable remedies allowable at law, payment for deprivation of property, emotional distress, punitive damages, injunction against future acts, attorney fees and costs, pre- and post- interest, and delay damages.

## COUNT II
### VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY
### PLAINTIFF V. DEFENDANT LACKAWANNA COUNTY AND ACCULTO

18. Plaintiff, DAVIES, hereby incorporates by reference paragraphs one (1) through seventeen (17) above as if set forth herein at length.

19. Defendant ACCULTO made Plaintiff DAVIES strip down to his underwear outside his home when ACCULTO was not in his proper jurisdiction and did not have legal reason to do the same.

20. Defendant ACCULTO did not have an arrest warrant or a search warrant allowing him to access Plaintiff or his body.

21. As a direct and proximate result of Defendant ACCULTO requiring Plaintiff DAVIES to strip down to his underwear in public view, Plaintiff suffered deprivation of his constitutional right to bodily integrity in violation of Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 law, including but not limited to the following, all equitable remedies allowable at law, compensatory damages, emotional distress, punitive damages, injunction against future acts, attorney fees and costs, pre- and post-interest, and delay damages.

## COUNT III
### VIOLATION OF DAVIES' CONSTITUTIONAL RIGHTS
### INADEQUATE SUPERVISION/HIRING/TRAINING
### PLAINTIFF V. DEFENDANT LACKAWANNA COUNTY

22. Plaintiff, DAVIES, hereby incorporates by reference paragraphs one (1) through twenty-one (21) above as if set forth herein at length.

23. At all relevant times the Defendant LACKWANNA COUNTY, gave Defendant ACCULTO the permission and power to go outside his jurisdiction and seize property without a warrant.

24. At all relevant times Defendant LACKAWANNA COUNTY gave Defendant ACCULTO a supervisory position that allowed him to have the power to require Plaintiff to strip down to his underwear when Plaintiff was not being arrested.

25. At all times herein, Defendant LACKAWANNA COUNTY intentionally, purposefully, and knowingly failed to train deputies that they have no legal jurisdiction outside of LACKAWANNA COUNTY, and failed to

6

have any policy, practice, regulation or custom detailing the justifications for taking property of a citizen when they are not arrested and the deputies are outside their jurisdiction.

26. The Defendant LACKAWANNA COUNTY had actual notice prior to May 15, 2015, that Defendant ACCULTO was a deputy who needed supervision since he did not understand the bounds of his own jurisdiction as a Lackawanna Deputy Sheriff or proper protocol for seizing property off citizens yet LACKAWANNA COUNTY placed him in a position of authority.

27. As a direct and proximate result, Defendant LACKAWANNA COUNTY's aforesaid policy, practice, regulation, or custom and its deputies' actions in accordance therewith, Plaintiff was subjected to constitutional deprivations of his right to be free from unlawful search, seizure, arrest and his bodily integrity, security and liberty was violated as set forth above.

28. The Defendant LACKAWANNA COUNTY failed to use adequate training before allowing Defendant ACCULTO to be a supervisor.

29. The Defendant LACKAWANNA COUNTY provided no supervision over Defendant ACCULTO in his use of his seizure powers in his interactions with the public and outside his jurisdiction.

30. As a direct and proximate result of being seized, Plaintiff suffered damages anxiety, anguish, mental distress, stress, sleeplessness, humiliation and loss of reputation.

**WHEREFORE**, Plaintiff seeks all remedies available pursuant to U.S.C. § 1983 law, including but not limited to the following, all equitable remedies allowable at law, compensatory damages, emotional distress, punitive damages, injunction against future acts, attorney fees and costs, pre- and post-interest, and delay damages.

By: /s/ Cynthia L. Pollick
Cynthia L. Pollick, Esquire
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com