THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS W. DAVIES, NOW DECEASED, BY AND THROUGH HIS WIFE, MAJORIE A. DAVIES, ADMINISTRATOR OF HIS ESTATE, | : : : : : |
| Plaintiff, | : |
| v. | :    3:15-cv-1183 |
| | :    (JUDGE MARIANI) |
| LACKAWANNA COUNTY, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is a civil rights action brought by Majorie Davies, on behalf of her now deceased husband, Thomas Davies ("Mr. Davies"). The Fourth Amended Complaint, (Doc. 30), alleges various violations of Mr. Davies constitutional rights stemming from his encounter with a Lackawanna Sheriff's Sergeant, as well as statutory and constitutional violations stemming from Mr. Davies's employment with and termination from the Lackawanna County Sheriff's Department. The three named defendants, Lackawanna County, Lackawanna County Sheriff Mark McAndrew, and Lackawanna County Sheriff's Sergeant John Acculto (collectively "Defendants"), have moved to dismiss part of the Fourth Amended Complaint. (Doc. 32). The Motion has been fully briefed and is ripe for decision. For the reasons that follow, the Court will deny Defendants' Partial Motion to Dismiss.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

The Fourth Amended Complaint alleges the following facts[1]:

Lackawanna County Sheriff's Sergeant John Acculto is a supervisor for the Lackawanna County Sheriff's Department. (Doc. 30 at ¶ 3). Mr. Davies was employed by the Lackawanna County Sheriff's Department. (*Id.* at ¶¶ 46-47). On May 15, 2015, Defendant Acculto traveled to Wyoming County where he encountered Mr. Davies. (*Id.* at ¶¶ 10, 13). During that encounter, Defendant Acculto took Mr. Davies's firearm and made Mr. Davies's "strip out of his uniform while in front of his home and in view of his neighbors." (*Id.*). Defendant Acculto did not have a warrant to search Mr. Davies or to seize his property. (*Id.* at ¶ 10).

On May 18, 2015, Mr. Davies was informed that a meeting would be held on May 22, 2015, to discuss his attendance. (*Id.* at ¶ 49). Before the meeting was held, Mr. Davies hired an attorney and requested workplace accommodations due to his diabetes. (*Id.* at ¶¶ 39, 50). A half an hour before the meeting was held, Defendant McAndrew changed the scope of the meeting to include dishonesty. (*Id.* at ¶ 50). At the meeting, Mr. Davies was unable to ask the witnesses any questions. (*Id.* at ¶ 51). Further, other evidence was presented after the meeting which Mr. Davies was never afforded an opportunity in which to

---

[1] For reasons still not clear to this Court, Plaintiff's counsel improperly cited case law in the Fourth Amended Complaint. (Doc. 30 at ¶¶ 10, 52, 55). These citations afford Plaintiff no help and Plaintiff's counsel is instructed not to put improper citations to case law in any future complaints filed with this Court.

2

respond. (*Id.* at 53). On May 27, 2017, Mr. Davies was terminated for the stated reason of "dishonesty." (*Id.* at ¶ 46).

On June 16, 2015, Mr. Davies filed a Complaint with this Court.[2] (Doc. 1). After amending the Complaint several times, Mr. Davies filed a Fourth Amended Complaint on April 12, 2016. (Doc. 30). The Fourth Amended Complaint alleges five claims, three of which are relevant here: Count I, a Section 1983 action against Defendants Accuito and Lackawanna County for unlawful search and seizure; Count II, a Section 1983 action against Defendants Accuito and Lackawanna County for violation of Mr. Davies's right to privacy; and Count V, a Section 1983 action against Defendants McAndrew and Lackawanna County for a due process violation relating to Mr. Davies's termination. Defendants then filed their Partial Motion to Dismiss on April 25, 2016, (Doc. 32), seeking dismissal of Counts I, II, and V.

### III. STANDARD OF REVIEW

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

---

[2] Mr. Davies prosecuted this lawsuit up until his death in October of 2016. On January 6, 2017, this Court granted a Motion to Substitute Majorie Davies as Plaintiff. (Doc. 55).

3

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. ANALYSIS

Defendants have put forth a variety of arguments as to why they contend this Court should dismiss Counts I, II, and V of Plaintiff's Fourth Amended Complaint. The Court will address each argument in turn.

### A. Count I

Defendants first argue that Count I—a Section 1983 action for unlawful search and seizure brought against Defendants Acculto and Lackawanna County—should be dismissed because the Fourth Amended Complaint failed to adequately allege that Defendant Acculto acted under color of state law. (Doc. 33 at 4-7). In order to proceed with a Section 1983 claim, a plaintiff must allege (1) a "violation of a right secured by the Constitution," and (2) that the deprivation of that right "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To act under color of state law means to use authority derived from the state to cause the violation of constitutional rights. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005); see also *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) ("Our cases have . . . insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.").

Defendants' first argument for dismissal is that the Fourth Amended Complaint does not contain enough facts to support the conclusion that Defendant Acculto was acting under color of state law. (Doc. 33 at 6-7). Mr. Davies, however, alleged that Defendant Acculto

was, at all relevant times, a sergeant for the Lackawanna County Sheriff's Department. (Doc. 30 at ¶ 3). He further alleged that Defendant Acculto "appeared in Wyoming County and took [Mr. Davies]'s property, a firearm, from him without a warrant outside of the jurisdiction of Lackawanna County." (*Id.* at ¶ 10). A reasonable inference from these two paragraphs is that Defendant Acculto was acting as a law enforcement official, and not as a private citizen, at the time the May 15, 2015, incident occurred. This is sufficient to state a plausible claim for relief under the *Iqbal/Twombly* standard.

Defendants' second argument for dismissal is that—because Defendant Acculto is a Lackawanna County Deputy Sheriff and the Fourth Amended Complaint alleged the events took place outside of Lackawanna County—Defendant Acculto could not, as a matter of law, be acting under color of state law outside of his jurisdiction. (Doc. 33 at 4-6). Defendants rely on *Barna v. City of Perth Amboy*, 42 F.3d 809 (3d Cir. 1994), and a smattering of cases from outside the Third Circuit to support their argument.

This Court has previously summarized *Barna* as follows:

> in *Barna*, the Third Circuit found that two police officers, who, while off duty and outside of their jurisdiction, beat up the plaintiff for supposedly hitting the sister of one officer, were not acting under color of state law. *Barna*, 42 F.3d at 817. The Third Circuit noted that the officers were not called to the plaintiff's home on police business, they did not attempt to arrest the plaintiff after beating him up, and they did not meet the relevant New Jersey requirements for acting outside their jurisdiction. *Id.* at 817–18. The only evidence for state action was that one of the officers responded to the plaintiff's statement that he was outside his jurisdiction by saying "I'll show you jurisdiction" and then proceeded to beat the plaintiff with a police-issued nightstick. *Id.* at 818.

6

*Matthews v. Runco's Tavern & Grill, Inc.*, 2013 WL 4004972, at *9 (M.D. Pa. 2013).

It is sufficient to say that the fact that the officers in *Barna* were located outside of their jurisdiction at the time of the incident was one of several factors affecting the Third Circuit's conclusion. *See Barna*, 42 F.3d at 817-18. Defendants do not cite any cases from within the Third Circuit, and the Court is aware of none, where a court found that a law enforcement officer does not act under color of state law when they are outside of their jurisdiction, regardless of the circumstances. Here, as discussed above, Mr. Davies has plausibly pleaded that Defendant Accullto was acting under color of state law. The singular fact that the events took place outside of Defendant Accullto's jurisdiction does not mean that he could not, as a matter of law, act under color of state law. *See Zion v. Nassan*, 283 F.R.D. 247, 267 (W.D. Pa. 2012) ("The actions of a state official may 'constitute state action for purposes of the Fourteenth Amendment' even when they exceed the limits of the official's authority. This court has already recognized that a police officer may sometimes act both 'under color of state law' and beyond the scope of his or her employment,")(quoting *Hichenbottom v. Nassan*, 2007 WL 7753803, at *43 (W.D. Pa. 2007) (internal citation omitted)); *Matthews*, 2013 WL 4004972, at *10 (finding, on summary judgment, that an issue of fact remained as to whether an off-duty police officer was acting under color of state law when the incident occurred outside of his jurisdiction); *Cf. Griffin v. Maryland*, 378 U.S. 130, 135, 137, 84 S. Ct. 1770, 12 L. Ed. 2d 754 (1964) (holding that a deputy sheriff, by identifying himself as such and purporting to act under his state authority, acted under

color of state law even though he was actually working as the private agent of a privately-owned amusement park).

Lastly, Defendants argue that the Fourth Amended Complaint fails to state a plausible claim against Lackawanna County because Mr. Davies did not allege that Defendant Acculto was acting pursuant to official policy or custom during the May 15, 2015, incident. (Doc. 33 at 8). This is simply incorrect. The Fourth Amended Complaint alleges that Defendant Acculto was "engaged in official policy, custom, and practice to deprive [Mr. Davies] of his constitutional rights." (Doc. 30 at ¶ 3). Although Plaintiff will need to do sufficiently more to sustain the claim at the later stages of litigation, at the pleading stage, this is sufficient.

Thus, the Court will deny Defendants' Partial Motion to Dismiss as it pertains to Count I of Plaintiff's Fourth Amended Complaint.

### B. Count II

Next, Defendants argue that Count II—a Fourteenth Amendment privacy claim—should be dismissed because (1) the parts of Mr. Davies's body that were exposed were not sufficiently intimate, and (2) the only person Mr. Davies claims saw his body was another male.[3] (Doc. 33 at 14-15).

---

[3] Defendants also argue that Count II is subject to dismissal for the same reasons as they advanced for Count I. (Doc. 33 at 9-10). For the same reasons that the Court rejected those arguments with respect to Count I, it also rejects them with respect to Count II.

8

"The United States Constitution does not mention an explicit right to privacy and the United States Supreme Court has never proclaimed that such a generalized right exists." *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 178 (3d Cir. 2005). "The Supreme Court has, however, found certain 'zones of privacy' in the amendments to the Constitution." *Id.* These zones of privacy have provided the basis for two privacy interests protected under the Fourteenth Amendment. *Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir. 2011). "The first privacy interest is the 'individual interest in avoiding disclosure of personal matters,' and the second is the 'interest in independence in making certain kinds of important decisions.'" *Id.* (quoting *C.N.*, 430 F.3d at 178). It is the former of these two interests that is relevant here.

In the Third Circuit, the key question is whether the disclosed information "is within an individual's reasonable expectations of confidentiality. The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny." *C.N.*, 430 F.3d at 179 (quoting *Fraternal Order of Police v. City of Philadelphia*, 812 F.2d 105, 112 (3d Cir. 1987)). This inquiry necessitates a "fact-intensive and context-specific analyses, and unfortunately, bright lines generally cannot be drawn." *Doe*, 660 F.3d at 176. As the Third Circuit has observed,

> [t]he difficulty in drawing a bright line is evident as we are not aware of any court of appeals that has adopted either a requirement that certain anatomical areas of one's body, such as genitalia, must have been exposed for that person to maintain a privacy claim under the Fourteenth Amendment or a rule that a nonconsensual exposure of certain anatomical areas constitutes a per

9

se violation. We likewise refuse to draw bright lines based on anatomical parts or regions.

*Id.* at 176-77 (internal citations omitted).

Here, Mr. Davies has alleged that Defendant Acculto made Mr. Davies "strip down to his underwear outside his home" and that this occurred "in public view." (Doc. 30 at ¶¶ 22, 24). Mr. Davies further alleges that the incident occurred "in view of [Mr. Davies's] neighbors" and that two of his neighbors called him after the incident to inquire what happened. (*Id.* at ¶¶ 13, 15). With this, Mr. Davies has established a plausible claim for relief. Being made to strip down to ones underwear in front of ones neighbors arguably exposes intimate and personal information to the public. The question of whether it rises to a constitutional violation requires the development of more facts and an understanding of the context in which it occurred.

Defendants have devoted a significant portion of their brief to review the case law of the Third Circuit and other jurisdictions on this issue. (Doc. 33 at 9-14). In the end, Defendants seem to urge this Court to adopt some sort of bright line rule that, to state a privacy claim under the Fourteenth Amendment, a person's genitals must be exposed and that the exposure must be to a person of the opposite sex. (*Id.* at 14-15). Nevertheless, as the Third Circuit has "refuse[d] to draw bright lines based on anatomical parts or regions," this Court will not take it upon itself to do so. Instead, the claim must proceed until such a time that the proper "fact-intensive and context-specific analyses" can be conducted.

Thus, the Court will deny Defendants' Partial Motion to Dismiss as it pertains to Count II of Plaintiff's Fourth Amended Complaint.

### C. Count V

Count V of the Fourth Amended Complaint alleges a due process violation with respect to Mr. Davies's termination. (Doc. 30 at ¶¶ 48-51). Defendants argue that this claim should be dismissed because the Fourth Amended Complaint has not adequately alleged that Mr. Davies had a legitimate claim of entitlement to continued employment with Lackawanna County. (Doc. 33 at 16-20).

The Fourteenth Amendment provides, in pertinent part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV § 1. "The first step in analyzing a due process claim is to determine whether the 'asserted individual interest . . . [is] encompassed within the [F]ourteenth [A]mendment's protection of life, liberty, or property.'" *Elmore v. Cleary*, 399 F.3d 279, 282 (3d Cir. 2005) (alterations original) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). "To have a property interest in a job . . . a person must have more than a unilateral expectation of continued employment; rather, she must have a legitimate entitlement to such continued employment." *Id.* "Whether a person has a legitimate entitlement to—and hence a property interest in—his government job is a question answered by state law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006).

Section 1620 of the Pennsylvania County Code provides, in relevant part,

11

> . . . That with respect to representation proceedings before the Pennsylvania Labor Relations Board or collective bargaining negotiations involving any or all employes paid from the county treasury, the board of county commissioners shall have the sole power and responsibility to represent judges of the court of common pleas, the county and all elected or appointed county officers having any employment powers over the affected employes. The exercise of such responsibilities by the county commissioners *shall in no way affect the hiring, discharging and supervising rights and obligations with respect to such employes as may be vested in the judges or other county officers.*

16 P.S. § 1620 (emphasis added). Defendants contend that the last sentence of § 1620 provides the Lackawanna County Sheriff with the authority to hire and fire employees at will. (Doc. 33 at 17-18). Defendants acknowledge, however, that this hire/fire authority can be waived by the Sheriff. (*Id.* at 18-19).

In their Motion, Defendants contend that the Fourth Amended Complaint fails to plead that Mr. Davies was anything but an "at will" employee. (*Id.* at 20). Although not artfully pleaded, the Fourth Amended Complaint can fairly be read to imply that Mr. Davies could only be terminated for cause, and that, therefore, he had a legitimate entitlement to continued employment. It states that a "hearing took place" regarding allegations of Mr. Davies's attendance and dishonesty. (Doc. 30 at ¶¶ 49-50, 53). Considering that it is a procedural due process claim that Mr. Davies has pleaded, it is reasonable to infer that the Fourth Amended Complaint alleges "a hearing" was held because Mr. Davies could only be terminated for cause and such a hearing was required to terminate him. *See generally Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

In Plaintiff's Brief in Opposition and Defendants' Reply Brief both parties discuss the applicability of a collective bargaining agreement. (Doc. 34 at 14; Doc. 35 at 8-10). At the pleading stage, the Court will not determine the applicability of a collective bargaining agreement that was not attached to or referenced in the Complaint. However, should development of the record show that Mr. Davies was covered by a collective bargaining agreement entered into pursuant to the Pennsylvania Public Employe Relations Act, 43 P.S. § 1101.101, *et seq.*, which contains a provision prohibiting discharge except for just cause and which makes any discharge subject to final and binding arbitration as authorized by Section 903 of the Act, then clearly Mr. Davies will be deemed to have a property interest in his continued employment for purposes of the due process requirements of the Fourteenth Amendment. *See Dykes v. Se. Pa. Transp. Auth.*, 68 F.3d 1564, 1572 n.6 (3d Cir. 1995). Thus, the Court will deny Defendants' Partial Motion to Dismiss as it pertains to Count V of Plaintiff's Fourth Amended Complaint.

## V. CONCLUSION

For the reasons outlined above, this Court will deny Defendants' Partial Motion to Dismiss. A separate Order follows.

Robert D. Mariani
United States District Judge