IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS W. DAVIES, NOW
DECEASED, BY AND THROUGH HIS
WIFE, MAJORIE A. DAVIES,
ADMINISTRATOR OF HIS ESTATE,

      Plaintiff,

v.                               3:15-cv-1183
                                  (JUDGE MARIANI)
LACKAWANNA COUNTY, et al.,

      Defendants.

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court are five motions in limine by Defendants to preclude (1) evidence relating to Plaintiff's ADA retaliation claim (Doc. 76); (2) evidence of lost wages (Doc. 78); (3) a report by Dr. Thomas Majernick (Doc. 82); (4) evidence related to other employees of Defendant (Doc. 83); and (5) potential Golden Rule arguments by the Plaintiff (Doc. 86). Also before the Court are two motions in limine by Plaintiff to preclude (1) testimony against Plaintiff pursuant to the Dead Man's Act (Doc. 80), and (2) evidence regarding Plaintiff's previous lawsuit against the Capitol Police (Doc. 70). Finally, Defendants have filed two motions to quash the subpoenas of Turique Patrick (Doc. 103) and Dr. Thomas Majernick (Doc. 105).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

2

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted... [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. DISCUSSION

#### 1. Defendants' Motion in Limine to Preclude Evidence Relating to Plaintiff's ADA Retaliation Claim (Doc. 76).

Defendants argue that Plaintiff's retaliation claim under the Americans with Disabilities Act ("ADA") should be precluded because ADA retaliation claims are "claims for equitable relief," and equitable remedies "are determined by the Court and not the jury." Doc. 76 at 2. It is true that "[w]here the particular remedial section in the statute provides for only equitable remedies...no right to a jury trial exists." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 392 (3d Cir. 1988). However, this does not mean that plaintiff can *never* have a jury trial if one of the claims involves retaliation—it merely means that plaintiff is not entitled to a jury trial on the retaliation claim.

The Third Circuit's Model Civil Jury Instructions (the "Model Instructions") illustrate this point. The comments to the Model Instructions found that "[a]t least one court in the Third Circuit has held that a plaintiff's recovery for retaliation under the ADA is limited to equitable relief, and accordingly there is no right to jury trial on an ADA retaliation claim," however, the Third Circuit nevertheless provided a model instruction for an ADA retaliation

3

claim. See Model Instructions § 9.1.7, at 37, available at http://www.ca3.uscourts.gov/sites/ca3/files/9_ Chap_9_2017_ October.pdf (citing *Sabbrese v. Lowe's Home Centers, Inc.*, 320 F.Supp.2d 311, 331 (W.D.Pa. 2004)). As the comments explain:

> A pattern instruction for retaliation actions under the ADA is included here for two reasons. First, the Third Circuit has not yet considered whether there is a right to jury trial in ADA retaliation actions, and other courts are in disagreement on the question. Second, even if it is determined that there is no right to jury trial for ADA retaliation claims, the parties or the court may wish to have a jury render an advisory verdict on a plaintiff's ADA retaliation claim. See Fed. R. Civ. P. 39(c). Alternatively, the parties may wish to stipulate to a jury's resolution of a retaliation claim. Use of an advisory or a stipulated jury may especially be useful in cases where a retaliation claim is joined with an ADA disparate treatment or accommodation claim, as there is a right to jury trial for those claims and *many of the issues to be decided by the jury for those claims might overlap with the retaliation claim*.

*Id.* at 38 (emphasis added). Here, there are claims of discrimination based on failure to accommodate Plaintiff's disability, which are factually intertwined with the retaliation claim. Doc. 30, Count IV. Since Plaintiff is entitled to a jury trial for the failure to accommodate claims, and the factual issues of those claims may substantially overlap with those of the retaliation claim, the evidence interrelated to these claims will be presented with the understanding that claims equitable in nature will be decided by the Court.

"When litigation involves both legal and equitable claims, even if it is the plaintiff that joins such claims, the right to a jury trial on the legal claim, including all issues common to both claims, must be preserved by trying the legal claim to a jury first, or at least simultaneously with the equitable claim, and by accepting the jury's findings on common facts for all purposes." *AstenJohnson, Inc. v. Columbia Cas. Co.*, 562 F.3d 213, 228 (3d

4

Cir. 2009) (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 110 S. Ct. 1331, 108 L. Ed. 2d 504 (U.S. 1990)). Because many of the factual issues in the other discrimination claims overlap with those of the retaliation claim, Plaintiff must be able to present evidence on the former, even if overlap occurs. To the extent that there is any evidence that is *only* relevant to the retaliation claim, and not relevant to any other claim at trial, the Court will consider a request to issue a limiting instruction to the jury, should such evidence be adduced at trial and Defendants make the request in a timely manner. However, the Court will find any factual overlap to be the basis to deny such a request for a limiting instruction. In any event, the Court will instruct the jury that it will be up to the Court, not the jury, to decide the retaliation claim. Finally, to the extent the parties may wish to stipulate to the jury resolving the retaliation claim, they may inform the Court before the trial begins.

For reasons stated above, the motion to preclude all evidence relating to the ADA retaliation claim will be denied.

### 2. Defendants' Motion in Limine to Preclude Evidence of Lost Wages Including Front and Back Pay (Doc. 78)

Defendants believe "Plaintiff intends to introduce testimony to the jury regarding alleged lost wages," which Defendants argue would be improper because lost wages are equitable remedies that must be determined by the Court. Doc. 78 at 1-2. Defendants cite *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 82 (3d Cir. 2009), which held that an employee lacked the requisite personal knowledge of the business for her to provide lay testimony about her estimated lost earnings, since employee had not developed

5

"reasonable basis grounded either in experience or specialized knowledge for arriving at the opinion that he or she expresses." *Id.* (citing *Eichorn v. AT & T Corp.*, 484 F.3d 644 (3d Cir.2007)). However, at this stage, the Court does not have a basis to believe that *all* evidence of lost wages would be based on a lack of the "experience or specialized knowledge" required to make such evidence admissible. The Court therefore cannot preclude all evidence of lost wages based on *Donlin*'s holding.

Furthermore, while *Donlin* characterized front pay and back pay as "equitable" remedies, the Court nevertheless looked to the underlying facts to evaluate the trial court's decisions with respect to front and back pay. *Id.* at 84-86. This is so because regardless of whether it is the Court or the jury that must resolve the ultimate question, the evidence must still be presented before the decision-maker can make a decision. Thus, the parties will be allowed to present evidence relevant to back pay.

The Court further notes that Mr. Davies has passed away since the start of this litigation, therefore, the issue of front pay is moot, as reinstatement is no longer a possibility. *See Feldman v. Philadelphia Hous. Auth.*, 43 F.3d 823, 831 (3d Cir. 1994) ("The equitable remedy of reinstatement is available for discharges that violate 42 U.S.C. § 1983, and reinstatement is the preferred remedy to cover the loss of future earnings. However, reinstatement is not the exclusive remedy....When reinstatement is not appropriate, front pay is the alternate remedy."); *Tomasso v. Boeing Co.*, 2007 WL 2458557, at *6 (E.D. Pa. Aug. 24, 2007) ("When reinstatement is not appropriate, front pay is the alternate remedy.").

For reasons stated above, the motion to preclude evidence of lost wages is denied. The Plaintiff may present evidence on back pay subject to a showing of the witness's competency to do so and at the establishment of proper foundation evidence for the offered testimony.

### 3. Defendants' Motion in Limine to Preclude Untimely Report of Thomas G. Majernick

Defendants move to preclude a one page document authored by Dr. Majernick as an untimely expert report. Doc. 82. The document was produced after the Court granted defendants' motion to reopen fact discovery on the limited issue of Plaintiff's self-inflicted gunshot, and ordered all expert discovery be completed on March 1, 2017. Doc. 51. Plaintiff apparently produced the Majernick report to Defendants on November 29, 2017, nearly 9 months after the expert report deadline. Doc. 82 at 3. Plaintiff counsel avers that she does not "intend to present [Majernick] for expert testimony." Doc. 91 at 2. This argument is unavailing. Defendants' motion does not object to Majernick offering lay testimony, rather, it objects to the one-page report authored by Majernick.

In the Court's view, any testimony that Dr. Majernick may offer relating to this report would be an improper attempt to present expert testimony. There are serious questions as to Majernick's qualifications to offer the opinion memorialized in his "report," as well as the reliability of his opinion in that report, which concludes that "It is my opinion within a reasonable degree of medical certainty that his injury [i.e. the self-inflicted gunshot wound] was accidental and not intentional." Doc. 82-1 at 3. The Court rejects any contention that

any testimony relating to this opinion can be characterized as "lay opinion." To the extent that Majernick would be offering his medical opinion related to the motivation behind Plaintiff's self-inflicted gunshot wound, such testimony can only be characterized as expert opinion, which would be inadmissible at the outset, given that Majernick was not disclosed as an expert by the expert discovery deadline (Doc. 51), and given Plaintiff counsel's averment that she "does not intend to present [Majernick] for expert testimony." Doc. 91 at 2.

For reasons stated above, the motion to preclude the Majernick report will be granted. To the extent that Majernick may testify at trial as a fact witness, any testimony relating to the opinion offered in the report would be excluded as improper expert testimony. Furthermore, while "treating physicians may testify as lay witnesses regarding diagnosis and treatment under some circumstances," *Pease v. Lycoming Engines*, 2012 WL 162551, at *12 (M.D. Pa. Jan. 19, 2012), the only aspect of Majernick's testimony that may be competent, relevant, and admissible would be his personal observations made in connection with his diagnosis and treatment of Mr. Davies' diabetes, which is the alleged disability at issue in this case.

### 4. Defendants' Motion in Limine to Preclude the Admission of Irrelevant and Prejudicial Evidence Related to Any Other Employees of The County (Doc. 83)

Defendants believe that Plaintiff may introduce evidence of "other employees" who "allegedly engaged in certain acts of 'disobedience,'" but who were not terminated like Mr.

Davies. Doc. 83 at 2. Defendants aver that these employees are not "similarly situated to Plaintiff" and are not related to "the facts surrounding the events that gave rise to Plaintiff's termination." *Id.* Defendants argue that such evidence would be irrelevant because they have "no probative value on the central issue of the decisional process involved in terminating Plaintiff" and would be prejudicial because "the jury would not be able to make a separate assessment of Defendants' actions with respect to Plaintiff and would merge the complaints of such other purported employees even though Defendants can only defend against Plaintiff in this action." *Id.* at 3.

At this stage, it is unclear to the Court what the evidence relating to these other employees may include. Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. Without the benefit of knowing what evidence will be produced at trial, the Court cannot say that Plaintiff will be unable to meet the low bar of relevancy. The Court will decline to make a relevancy determination at this time. *See Walden,* 126 F.3d at 518 n.10 (observing that a decision on a challenge to the relevancy of evidence is often best reserved for trial).

However, the Court notes for the benefit of the parties that evidence relating to other employees would be irrelevant if they are not similarly situated as Plaintiff, that is to say,

similar both with respect to the conduct engaged in by Mr. Davies and with respect to the reasons for the County's treatment of such employees. *McCullers v. Napolitano*, 427 F. App'x 190, 195 (3d Cir. 2011) ("Context matters in assessing the factors relevant to the inquiry of whether two employees are similarly situated. In this particular context—workplace disciplinary and/or personnel actions—relevant factors include a 'showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'") (internal citation omitted).

For reasons stated above, the Court will defer ruling on Defendants' motion in limine to preclude the evidence relating to other employees. Defendants may raise this objection at the appropriate time at trial. Failure to raise the objection, should the evidence adduced at trial warrant it, will be deemed a waiver of the objections found within this Motion.

### 5. Defendants' Motion in Limine to Preclude Admission of Unfairly Prejudicial Golden Rule Arguments (Doc. 86)

Defendants argue that evidence relating to Mr. Davies' funeral and his widow's grief since his death, including evidence of "old photographs of Mr. Davies and the prayer card as displayed at Mr. Davies' funeral," constitute improper "Golden Rule" arguments and should be precluded as irrelevant and improper appeals to the sympathy of the jury. Doc. 83 at 2-3. Plaintiff has responded that counsel has no intention of breaking the Golden Rule, i.e. asking the jury to "put yourself in the [party's] shoes." Doc. 93 at 2. Plaintiff also

argues that at least some evidence relating to Mr. Davies' death would be relevant, because it is necessary to explain why he is not sitting at counsel table. *Id.* Plaintiff further argues that the photos that show Mr. Davies' work history and military service may be "relevant to the jury to assess the credibility of Plaintiff and explain who Plaintiff was." *Id.* at 3.

"The propriety of 'put yourself in the defendant's shoes' argument, as a tool of advocacy, is doubtful because it 'encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Edwards v. City of Philadelphia*, 860 F.2d 568, 574 (3d Cir. 1988) (citing *Spray–Rite Service Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982)). However, to the extent Plaintiff's counsel may do so without violating the Golden Rule or any rule of evidence, Plaintiff may be able to present some evidence that Mr. Davies died of a self-inflicted gunshot to explain why he is not at counsel table.

Notwithstanding the above, the Court notes that evidence relating solely to Mr. Davies' funeral or Mrs. Davies' grief are not relevant to this case. As Defendants point out in their brief, this is not a wrongful death action, but an action involving Mr. Davies' employment. Doc. 86 at 2. Mrs. Davies is not a party to this case except insofar as she has become administrator of this suit after Mr. Davies' death. Doc. 55 (order granting Mrs. Davies' motion to substitute Plaintiff in this action). She has no personal claims for economic compensation in this litigation. Thus, the Court notes that evidence relating solely to Mrs. Davies' grief would be irrelevant. Furthermore, they would constitute unfair

11

prejudice by inspiring the jury's sympathy. *See United States v. Schneider*, 801 F.3d 186, 198 (3d Cir. 2015) ("In this context, unfair prejudice means 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'") (citing FED. R. EVID. 403 advisory committee's note).

For reasons stated above, the motion to preclude Golden Rule arguments will be granted, particularly given Plaintiff's submission that counsel has no intention of breaking the Golden Rule. Doc. 93 at 2. However, the parties are on notice as to the guidance the Court has provided as to what evidence may be irrelevant and unfairly prejudicial. Should any party attempt to adduce such evidence at trial, the other party may raise objections at the appropriate time.

### 6. Defendants' Motion in Limine to Preclude Testimony Against Plaintiff Pursuant to the Deadman's Act (Doc. 80).

Plaintiff moves to preclude all testimony "against Plaintiff that calls into question his credibility concerning the events of his termination" under the Dead Man's Act. Doc. 80. Defendants counter that the Dead Man's Act does not apply in this case because discovery had begun prior to Mr. Davies' passing away, and because independent witnesses should be allowed to testify if they have no interest in the outcome of the matter. Doc. 96, at 2.

Counsel's discussion on Pennsylvania's Dead Man's Act is misplaced. The "Act applies only in federal cases where state substantive law controls, but does not apply to any claim under federal law." *L.H. v. Pittston Area Sch. Dist.*, 130 F. Supp. 3d 918, 932 (M.D. Pa. 2015), *aff'd*, 666 F. App'x 213 (3d Cir. 2016). *See also Savarese v. Agriss*, 883 F.2d

1194, 1200 n. 10 (3d Cir.1989) ("Appellees correctly conclude that the Pennsylvania Dead Man's Statute would not apply to this federal claim."). On this basis, the Act would not apply to the § 1983 claims raised in this action. To the extent that Plaintiff's disability discrimination claims includes both a federal claim under the ADA and a parallel state law claim under the PHRA, state substantive law does not control in those claims. *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) ("The PHRA is basically the same as the ADA in relevant respects and 'Pennsylvania courts ... generally interpret the PHRA in accord with its federal counterparts.'") (citing *Kelly v. Drexel University*, 94 F.3d 102, 106 (3d Cir.1996)).[1]

For reasons stated above, the motion to preclude testimony against Plaintiff pursuant to the Dead Man's Act is therefore denied.[2]

### 7. Defendants' Motion in Limine to preclude Information about Plaintiff's lawsuit with the Capitol Police by Majorie A. Davies. (Doc. 70).

---

[1] Even if the disability discrimination claim under PHRA constitutes a claim that requires separate and independent analysis from that of the ADA claim (a proposition that this Court does not embrace), the Plaintiff still cannot preclude witnesses from testifying under the Dead Man's Rule, because the decedent loses the benefit of the rule by the fact that discovery proceedings were instituted prior to the decedent's death. *Brown v. Saladoff*, 209 Pa. Super. 263, 264 (1967)). *See also Schroeder v. Jaquiss*, 580 Pa. 381, 389 (2004) ("a decedent's representative waives the Act by taking the deposition of or requiring answers to interrogatories from an adverse party, whether or not he places the results of such discovery on the record."). Thus, to the extent that Plaintiff enjoyed the benefit of taking depositions or requesting discovery from these purportedly adverse witnesses, Plaintiff has waived the Act.

[2] Defendants also filed a Motion in Limine for a ruling declaring that the Pennsylvania Dead Man's Act does not preclude testimony related to Plaintiff's statements and conduct prior to his death (Doc. 69). However, there were no briefs from either party on this motion. The motion appears to be dropped by the parties because it is redundant of Plaintiff's Motion in Limine at Doc. 80. The Court will therefore construe the motion as withdrawn.

Plaintiff moves to preclude evidence relating to a prior lawsuit brought by Mr. Davies. In 2005, Mr. Davies sued his former employer, the Pennsylvania Capitol Police, a fact that Plaintiff argues is irrelevant to the instant suit and may mislead the jury into thinking he's a "litigious person." Doc. 70 at 1. Defendants argue that the 2005 suit contains "substantially similar claims and allegations," because both suits include allegations that the employer violated Plaintiff's rights under 42 U.S.C. § 1983 and Fourteenth Amendment due process rights. Doc. 97 at 5-6. Defendants claim that in both cases, Mr. Davies' "former employers deemed it necessarily to discipline Mr. Davies for his conduct that impacted his employment." *Id.* at 5.

However, the mere similarity in the legal claims does not make the previous suit relevant to "whether the County and Sherriff McAndrew were justified in taking disciplinary measures imposed on Mr. Davies," as Defendants argue. *Id.* at 6. Mr. Davies' employment with the Capitol Police has no bearing on the events that happened during his employment with Lackawanna County. The Court finds that Defendants are essentially attempting to suggest that because Mr. Davies has instituted a prior suit with similar claims, his current suit is more likely to be frivolous. Such "propensity" evidence would be barred under Federal Rules of Evidence 404, which provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait," and "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that one a particular occasion the

person acted in accordance with the character." FED. R. EVID. 404(a), (b). Therefore, the lawsuit cannot be used for the improper purpose of showing that Mr. Davies has a propensity for filing lawsuits with similar claims.

Furthermore, the Federal Rule of Evidence provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The 2005 lawsuit is remote in time to this suit, and it concerned Mr. Davies' employment with an unrelated entity that is not a party in this case, thus, it has little probative value on Mr. Davies' employment with Lackawanna County.

However, the Court notes that such evidence may be admissible for another purpose, such as impeachment or "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(a)(3), 404(b)(2). Thus, this ruling is without prejudice to the Defendants' ability to introduce evidence of the prior lawsuit for impeachment purposes or purposes outlined by Fed. R. Evid. 404(b)(2). *Barbee v. Se. Pa. Transp. Auth.*, 323 F. App'x 159, 162 (3d Cir. 2009) (finding that evidence of prior lawsuits may be admitted because it "was not introduced as character evidence," rather, the defendant introduced "[plaintiff's] involvement in at least 24 prior civil suits for impeachment purposes because Barbee was evasive about prior lawsuits in his deposition").

For reasons stated above, the motion is granted to the extent that Defendants are precluded from introducing evidence of the prior lawsuit to show Plaintiff's propensity to file lawsuits of a similar nature. As for the proposition that the evidence may be introduced for other, proper purposes, if the need should arise during trial, this ruling is without prejudice to Defendants' ability to make such an argument, at the appropriate time, as to why such evidence may be introduced for a limited purpose allowed under the Federal Rules of Evidence.

### 8. Defendants' Motions to Quash Third Party Subpoenas (Docs. 103, 105).

Defendants have also brought motions to quash third party subpoenas of Dr. Majernick and Mr. Turique Patrick, because they were not timely disclosed as witnesses. Docs. 103, 105. Plaintiff argues that Defendants have no standing to challenge subpoenas issued to third parties. Docs. 107, 118. Plaintiff is correct on this point. "In general, a party does not have standing to quash a subpoena served on a third party. An exception to this rule permits a party to move to quash when it claims some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." *Kida v. EcoWater Sys. LLC*, 2011 WL 1883194, at *2 (E.D. Pa. May 17, 2011) (internal citations and quotation marks omitted). Defendants have not pointed to any right or privilege over the subject matter of the subpoenas; therefore, they do not have standing to quash the subpoenas of Dr. Majernick and Mr. Patrick.

In any event, the motions to quash do not so much challenge the issuance of the subpoenas as they protest the witnesses testifying at trial, i.e. Defendants argue that these witnesses cannot testify because they have not been timely disclosed. See, e.g., Doc. 105 at 2 (asserting that Plaintiff has not timely disclosed Majernick as a witness because Defendants first learned of the possibility that he may be called approximately three weeks before trial); Doc. 103 at 2 (same). The pretrial order in this action mandated that all potential witnesses be disclosed "[a]t least thirty (30) days prior to the trial" (Doc. 68 at 2), which comports with the Federal Rules of Evidence. See FED. R. CIV. P. 26(3) ("a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial...(i) the name and, if not previously provided, the address and telephone number of each witness...Unless the court orders otherwise, these disclosures must be made at least 30 days before trial."). Therefore, at trial, Defendants may object to the testimony of Dr. Majernick and Mr. Patrick on the grounds that they were not timely disclosed in accordance of this Court's pretrial order. Doc. 68.

Thus, the motions to quash the subpoenas of Dr. Thomas Majernick and Mr. Turique Patrick will be denied for lack of standing. This ruling is without prejudice as to the Defendants' ability to object to the testimony of Dr. Majernick[3] and Mr. Patrick at trial, should Plaintiff attempt to call them as witnesses. If such an objection is made, the Court will

---

[3] Nothing stated herein modifies or supersedes this Court's ruling granting defendants' motion to preclude Dr. Majernick's "report" or his presentation of expert testimony. See infra, Section III.3.

determine whether it will exclude the testimony in accordance with the factors set forth in *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

## VI. CONCLUSION

For the forgoing reasons, Defendants' motions in limine (Docs. 76, 78, 82, 83, 86), Plaintiff's motions in limine (Docs. 70, 80), and Defendants' motions to quash (Docs. 103,105) will be decided as set forth in this Memorandum Opinion. A separate Order follows.

Robert D. Mariani
United States District Judge