IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS W. DAVIES, NOW
DECEASED, BY AND THROUGH HIS
WIFE, MAJORIE A. DAVIES,
ADMINISTRATOR OF HIS ESTATE,

Plaintiff,

v.

LACKAWANNA COUNTY, et al.,

Defendants.

3:15-cv-1183
(JUDGE MARIANI)

## ORDER

AND NOW, THIS 14th DAY OF FEBRUARY, 2018, upon review of Plaintiff's Motions in Limine (Docs. 70, 80), Defendants' Motions in Limine (Docs. 69, 76, 78, 82, 83, 86), and Defendants' Motions to Quash (Docs. 103, 105), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion in Limine to Preclude Testimony Against Plaintiff Pursuant to the Deadman's Act (Doc. 80) is **DENIED**.

2. Plaintiff's Motion in Limine to Preclude Evidence about Plaintiff's Lawsuit with the Capitol Police (Doc. 70) is **GRANTED IN PART AND DEFERRED IN PART**:

    a. Plaintiff's motion is granted to the extent that it seeks to preclude evidence relating to Plaintiff's Lawsuit with the Capitol Police for the purpose of offering improper character evidence. In accordance with this Order, any offer of such testimony shall be subject to a timely objection.

    b. Plaintiff's motion is deferred to the extent that it seeks to preclude evidence relating to Plaintiff's Lawsuit with the Capitol Police for a purpose allowed under the Federal Rules of Evidence.

3. Defendants' Motion in Limine for a Ruling Declaring that the Pennsylvania Deadman's Act Does Not Preclude Testimony Related to Plaintiff Decedent's Statements and Conduct Prior to His Death (Doc. 69) is **DEEMED WITHDRAWN** in light of this Court's denial of Plaintiff's motion seeking to preclude evidence under the Deadman's Act (Doc. 80).

4. Defendants' Motion in Limine to Preclude Any Evidence Relating to the ADA Retaliation Claim (Doc. 76) is **DENIED.**

    a. Defendants' motion is denied to the extent that it seeks to preclude evidence involving overlapping factual issues with other claims at trial.

    b. Defendants' motion is also denied to the extent that it seeks to preclude evidence *only* relating to Plaintiff's ADA retaliation claim and no other relevant claims at trial. However, in accordance with the Court's memorandum opinion, any offer of such evidence shall be subject to a timely request for a limiting instruction.

5. Defendants' Motion in Limine to Preclude Evidence of Lost Wages Including Front and Back Pay (Doc. 78) is **DENIED IN PART AND DEFERRED IN PART:**

a. Defendants' motion is denied to the extent that it seeks to preclude evidence involving lost wages relating to back pay.

   b. To the extent Defendants' motion seeks to preclude evidence involving lost wages relating to front pay, the motion is **MOOT** for reasons stated in the Court's memorandum opinion.

6. Defendants' Motion in Limine to Preclude Untimely Report of Thomas G. Majernick (Doc. 82) is **GRANTED.**

7. The Court will **DEFER** ruling on Defendants' Motion in Limine to Preclude Evidence Related to Any Other Employees of the County (Doc. 83) until time of trial.

8. Defendants' Motion in Limine to Preclude Golden Rule Arguments (Doc. 86) is **GRANTED IN PART AND DEFERRED IN PART:**

   a. Defendants' motion is granted to the extent that it seeks to preclude arguments and evidence that invite the jury to put themselves in Plaintiff's shoes.

   b. Defendants' motion is granted to the extent that it seeks to preclude evidence relating solely to Mrs. Davies' grief and loss and suffering.

   c. Defendants' motion is deferred to the extent that it seeks to preclude evidence demonstrating why Mr. Davies is not at counsel table.

9. Defendants' Motion to Quash Plaintiff's Subpoena Issued to Turique Patrick (Doc. 103) is **DENIED.**

10. Defendants' Motion to Quash Plaintiff's Subpoena Issued to Thomas G. Majernick (Doc. 105) is **DENIED.**

Robert D. Mariani
United States District Judge